### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )  Criminal Action No. 25-165-UNA |
| NANCY LUCY, | ) |
| | ) |
| Defendant. | ) |

## INFORMATION

The United States of America charges that:

## COUNT ONE

On or about May 21, 2025, in the District of Delaware, the defendant, NANCY LUCY**,** did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, when, in response to questions from special agents of the U.S. Department of Veterans Affairs (the "VA"), Office of Inspector General, concerning LUCY's receipt of Dependency and Indemnity Compensation Benefits to which LUCY was not entitled, LUCY intentionally and falsely stated that LUCY had closed a bank account into which the VA had deposited funds intended for LUCY's mother. This statement was false because, as LUCY then and there knew, the bank account in question was not closed and LUCY had accessed the account on numerous occasions in recent months, including to transfer funds from the account to make payments to LUCY's personal credit card accounts.

All in violation of 18 U.S.C. § 1001(a)(2).

## **NOTICE OF FORFEITURE**

Upon conviction of Count One, as alleged in this Information, the defendant, NANCY LUCY, shall forfeit to the United States pursuant to 18 U.S.C. §§ 982(a)(3) and 981(a)(1)(D), in conjunction with 28 U.S.C. § 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One, including but not limited to approximately $152,927.96 in benefits obtained without a showing of entitlement from the U.S. Department of Veterans Affairs.

///

If the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

    BENJAMIN L. WALLACE
    United States Attorney


    */s/ Bryan C. Williamson*
BY:  Bryan C. Williamson
    Assistant United States Attorney

Dated: December 19, 2025